IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ARIK RUDICH,

               Plaintiff,

    v.

METRO GOLDWYN MAYER STUDIO, INC.,
SONY/ATV MUSIC PUBLISHING LLC, and
CINRAM INC.,

               Defendants.

OPINION and ORDER

08-cv-389-bbc

---

This is a civil suit for monetary relief brought under the United States Copyright Act, 17 U.S.C. §§ 101, 106, 501-505, in which plaintiff Arik Rudich contends that defendants are infringing his copyrights in music he wrote for the 1987 movie version of Snow White. Plaintiff's lawyer, Moshe Zingel, now seeks admission pro hac vice.  Because Zingel is not licensed to practice before any United States court or court of any state as Local Rule 1 generally requires, I invited the parties to brief whether plaintiff's lawyer may nonetheless be admitted pro hac vice.  I conclude that he may.  In addition, defendants have moved for an order requiring plaintiff to post a security bond of $50,000 to proceed in this case.  That motion will be denied.

OPINION

A.  <u>Plaintiff's Motion for Zingel's Admission Pro Hac Vice</u>

Under Local Rule 1, lawyers may be admitted pro hac vice (which simply means "for this turn") without seeking admission into this court's bar.  The rule provides for pro hac vice admission of lawyers who are "licensed to practice before any United States court or the highest

court of any state or the District of Columbia"; it does not provide for admission of foreign lawyers. Plaintiff's lawyer is not licensed to practice before any state or federal court, but is a member of the Israeli Bar and has been admitted "of counsel" in a proceeding before the United States District Court for the Southern District of New York.

Although the local rules do not provide for admission of foreign lawyers, the court certainly has the authority to admit them: "[f]ederal courts admit and suspend attorneys as an exercise of their inherent power." *In re Snyder*, 472 U.S. 634, 645 n.6 (1985) (*citing Hertz v. United States*, 18 F.2d 52, 54-55 (8th Cir. 1927)). Some courts, including the Supreme Court of the United States, allow for pro hac vice admission of foreign lawyers explicitly in their rules. Sup. Ct. R. 6.2 ("An attorney qualified to practice in the courts of a foreign state may be permitted to argue pro hac vice"); W.D.N.Y. R. 83.1(I) ("an attorney duly admitted to practice in any . . . foreign country may in the discretion of the Court be admitted pro hac vice to participate before the Court in any matter in which he or she may for the time be employed"); Pa. Bar. Admission R 301(a) ("An attorney, barrister or advocate who is qualified to practice in the courts of another state or of a foreign jurisdiction may be" admitted pro hac vice).

Defendants acknowledge that it is within the court's discretion to admit foreign attorneys pro hac vice, but object to Zingel's admission on the ground that he is not "meaningfully subject to sanction or discipline" by this court. This is an understandable but unpersuasive concern. This court may use tools such as Rule 11, 28 U.S.C. § 1927 and its inherent power to sanction any attorney misconduct that may occur, regardless whether the attorney is foreign. *Manez v. Bridgestone Firestone North America Tire, LLC*, 533 F.3d 578, 585 (7th Cir. 2008) (sanctioning

2

Mexican attorney).  Moreover, any misconduct by Zingel could be grounds for revocation of his pro hac vice status, *United States v. Nolen*, 472 F.3d 362, 375 (5th Cir. 2006), and could be reported to the Israel Bar, which maintains an internal disciplinary system to address complaints brought against lawyers. http://www.israelbar.org.il/english_inner.asp?pgId=18538&catId=372, last visited August 22, 2008.  Although defendants suggest that it would not be able to collect on any monetary sanction because both plaintiff and his counsel are nonresidents, they give no reason to believe that a judgment in their favor could not be enforced in Israel (plaintiff asserts that the judgment would be afforded "full faith and credit" under Israel law).

In sum, Zingel's status as a foreign attorney does not appear to compromise the tools that the court may employ to ensure proper behavior from attorneys appearing before it.  Therefore, I am granting Zingel's motion.

## B.   Defendants' Motion for Bond

Defendants' primary objection to Zingel's admission pro hac vice is not that he will engage in misconduct, but that neither he nor plaintiff will pay if so ordered by the court.  For the same reason, defendants now have requested that the court order plaintiff to post a $50,000 security bond to ensure that costs will be paid.  Defendants contend that a bond is appropriate because they are likely to prevail, copyright law allows for reasonable attorneys' fees and costs to the prevailing party and plaintiff will not likely be able to pay the costs and fees awarded to defendants.

Defendants' position has some support in the law.  In *Anderson v. Steers, Sullivan, McNamar & Rogers*, 998 F.2d 495, 496 (7th Cir. 1993), the court held that a district court may

3

require the posting of a bond "if there is reason to believe that the prevailing party will find it difficult to collect its costs." In *Anderson*, the court of appeals affirmed the district court's order requiring plaintiff to post a $10,000 bond. *Id.* The court pointed out the "apparently frivolous character" of plaintiff's lawsuit and plaintiff's likely inability to pay made it "plausible" for defendants to move for the posting of a bond. District courts for the Southern District of New York have required plaintiffs to post bond in copyright infringement suits of "questionable" merit. *Seletti v. Carey*, 173 F.R.D. 96, 97 (S.D.N.Y. 1997) (security bond appropriate under Local Rule 54.2 due to serious risk that plaintiff would be unable to pay costs, and merits of his copyright infringement case were questionable; bodyguard's allegation that his poem was stolen and transferred to Mariah Carey to become "Hero" was supported by nothing but speculation and circumstances of case suggested that suit was "strike suit" against "deep-pocket defendants"); *Beverly Hills Design Studio (N.Y.) Inc. v. Morris*, 126 F.R.D. 33, 35-38 (S.D.N.Y. 1989) (security bond appropriate under Local Rule 39 where plaintiff has no reachable assets and copyright infringement suit was "objectively without arguable merit"; Register of Copyrights had previously held that plaintiff's works were not copyrightable).

Although requiring bond may be appropriate when a plaintiff's claim is dubious, the defendants' right to costs upon prevailing must be weighed against the plaintiff's right to litigate his case. One of the elements for requiring a bond–plaintiff's likely inability to pay costs–also makes it unlikely that plaintiff will be able to post a bond up front. Thus, requiring bond jeopardizes plaintiff's opportunity to have his case decided in the ordinary course. For this reason, a court should pay special attention to the question whether a plaintiff's claim is so

dubious that a bond is warranted.  A case that is frivolous or highly speculative is a good candidate for requiring bond; a case that is simply novel or uncertain is not.

Plaintiff's case appears to be the latter.  Defendants contend that plaintiff's complaint is likely to be dismissed as barred by the statute of limitations and laches, noting correctly that plaintiff's action comes twenty years after the motion picture was first released on videocassettes. However, plaintiff's theory is that the conversion of Snow White onto *DVDs* created new media and separate acts of copyright infringement that accrued well within the statute of limitations. *Stone v. Williams*, 970 F.2d 1043, 1049-1050 (2d Cir. 1992) ("[e]ach act of infringement is a distinct harm giving rise to an independent claim for relief.").  As for defendants' assertion that the case will likely be found to be barred by laches, they do not develop that argument. Therefore, I cannot conclude at this early stage that this case is likely to resolved on that ground. *Peter Letterese And Associates, Inc. v. World Institute Of Scientology Enterprises*, 533 F.3d 1287, 1320 (11th Cir. 2008) (laches presumptively not available in copyright infringement suit; "only in the most extraordinary circumstances will laches be recognized as a defense.") (collecting cases); *see also Lyons Partnership, L.P. v. Morris Costumes, Inc.*, 243 F.3d 789, 798 (4th Cir. 2001) (suggesting that the defense of laches should not be available at all in copyright infringement suits).  Because plaintiff's case does not appear to be frivolous or speculative, I will deny defendant's motion for a security bond.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion to admit Moshe Zingel pro hac vice is GRANTED.

2.  Defendants' motion for a security bond is DENIED.


Entered this 27th day of August, 2008.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge

6